

**FILED**

MAY 2 2 2025

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

**United States Department of Justice**

*Randy J. Bernard*
*Acting United States Attorney*
United States Attorney's Office
Northern District of West Virginia

May 19, 2025

Robert C. Stone, Esq.
529 West King Street
Martinsburg, WV 25401

    In re:  *United States of America v. Mariah Nicole Gomer*
            Criminal Action No. 3:25-CR-24-01

Dear Mr. Stone:

    This letter confirms the plea agreement between the United States and your client, Mariah Nicole Gomer (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Defendant will plead guilty to Count Three of the Indictment, Trafficking of a Firearm, in violation of Title 18, United States Code, Section 933(a)(1).

    2.    The maximum penalty to which Defendant will be exposed by virtue of her plea of guilty, as stated in paragraph 1 above is not more than fifteen years imprisonment, three years of supervised release, and a $250,000 fine.

    It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of her plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of her incarceration, supervision, and probation.

    3.    Defendant will be completely forthright and truthful with regard to all inquiries made and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury,

_____
Mariah Nicole Gomer, Defendant

_____
Robert C. Stone, Esq., Counsel for Defendant

5-19-25
_____
Date

5/19/25
_____
Date

- 1 -

trial, sentencing and other proceedings. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

    4.    A.    Nothing contained in any statement or any testimony given by the Defendant, pursuant to paragraph 3, will be used against the defendant as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that you committed, or were directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), you have been adequately advised and warned that any admission that you committed, or were directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

           B.    This agreement does not prevent Defendant from being prosecuted for any violations of other federal and state laws the Defendant may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by Defendant pursuant to this agreement.

           C.    In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of paragraph 3 above.

    5.    At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also dismiss the remaining counts of the Indictment, if applicable, but expressly reserves the right to reinstate and prosecute any dismissed charge should the defendant's conviction later be vacated on appeal or collateral attack.

    6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these

_____        5-19-25
Mariah Nicole Gomer, Defendant        Date

_____        5/19/25
Robert C. Stone, Esq., Counsel for Defendant    Date

sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7. The United States will make the following **nonbinding** recommendations:

    A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

    B. Should Defendant give timely and complete information about Defendant's own criminal involvement and provide timely notice of her intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if Defendant complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **May 19, 2025**, and returns an executed copy to the United States by that day; and

    C. The United States will recommend that any sentence of incarceration imposed should be at the low-end of the applicable guideline range.

8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. The parties hereby stipulate and agree that the base offense level is 14 under Guideline § 2K2.1(a)(6).

The parties agree that this stipulation is limited and may not set forth all of the relevant facts and circumstances of the actual offense conduct and offender characteristics. The parties retain their right to argue additional facts, circumstances, and offender characteristics for the Court to consider in determining any specific offender characteristics, adjustments, enhancements, or reductions under the United States Sentencing Guidelines.

The parties understand that the Court is not bound by the above stipulation and is not required to accept it. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw her plea of guilty.

_____  5-19-25
Mariah Nicole Gomer, Defendant      Date

_____  5/19/25
Robert C. Stone, Esq., Counsel for Defendant   Date

- 3 -

10.  Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

   A.  Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   B.  The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   C.  To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.  The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will

_____           5-19-25
Mariah Nicole Gomer, Defendant             Date

_____           5/19/25
Robert C. Stone, Esq., Counsel for Defendant    Date

- 4 -

enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or her counsel.

12. The defendant agrees that all criminal monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and vice versa and defendant waives any rights defendant may have under the Right to Financial Privacy Act. The defendant also authorizes the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant agrees to cooperate fully in efforts to collect the criminal monetary penalty by any legal means the Government deems appropriate. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimum financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment.

If the defendant is sentenced to a period of incarceration, defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Program, may submit any unpaid criminal monetary penalties to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the Defendant's payment status or history at that time.

The Defendant agrees not to encumber, sell, transfer, hide, waste, devalue, or in any other way dispose of any assets without authorization from the United States or the Court, including any interest held or owned in any other name, including all forms of business entities and trusts.

In order to pay any outstanding criminal monetary penalties, the Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from Defendant's wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

Defendant agrees to pay all criminal monetary penalties to the fullest extent possible before sentencing. Any payments made before sentencing should be made only after consulting with the United

_____            5-19-25_____
Mariah Nicole Gomer, Defendant            Date

_____            5/19/25_____
Robert C. Stone, Esq., Counsel for Defendant    Date

States Attorney's Office Financial Litigation Program. After such consultation, any criminal monetary penalty payment shall be made by certified/cashier check or money order payable to Clerk, U.S. District Court and mailed to Clerk, U.S. District Court, Attn: Fines & Restitution, P.O. Box 1518, Elkins, WV 26241. If the defendant is financially able to pay part or all of the criminal monetary penalty prior to sentencing and fails to do so, then the Office of the United States Attorney shall have the right to withdraw any sentencing recommendations and/or to void this Agreement.

13. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in the United States Code for the offenses of conviction.

14. If Defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15. Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of all property encompassed in the charging instrument's Forfeiture Allegation. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the property specified in the charging instrument's Forfeiture Allegation, which are proceeds of the offenses of conviction, and property that facilitated the offenses of conviction, including a Ruger, model LCP Max, .380 caliber pistol, bearing serial number 381498864 and a Ruger, Model LCP Max, .380 caliber pistol, bearing serial number 381497172.

Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement Defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise Defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

_____          5-19-25
Mariah Nicole Gomer, Defendant        Date

_____          5/19/25
Robert C. Stone, Esq./Counsel for Defendant    Date

Defendant waives, abandons, and surrenders any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency pursuant to State law, including, but not limited to, West Virginia Code 36-8A-1, et. seq. The defendant further agrees that this abandonment and waiver of rights is final and unappealable.

16. This agreement shall not be modified unless it is in writing and initialed by all parties.

17. The above sixteen (16) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Sincerely,

RANDOLPH J. BERNARD
Acting United States Attorney

By: _____
Lara K. Omps-Botteicher
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____        5-19-25
Mariah Nicole Gomer, Defendant           Date

_____        5/19/25
Robert C. Stone, Esq., Counsel for Defendant   Date